```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT

CHET'S SHOES, INC.,             :
                                :
        Plaintiff,              :
                                :
        v.                      :      File No. 1:08-CV-197
                                :
SIDNEY KASTNER,                 :
                                :
        Defendant.              :
```

RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
(Doc. 62)

I. Background

This is a patent infringement case dealing with studded rubber overshoes. Plaintiff Chet's Shoes, Inc. brought suit against defendant Sidney Kastner requesting an injunction and declaratory judgment that its products do not infringe two patents held by Kastner. Kastner, in turn, counterclaimed for patent infringement. This Court granted Chet's Shoes' motion for summary judgment, first holding that "retract" must be given a strict definition, and then finding Kastner had not demonstrated a genuine issue of material fact as to whether the studs on the products in question actually retracted. Doc. 56.

Subsequently, Kastner filed a motion for reconsideration, Doc. 60, and Chet's Shoes filed a motion for attorneys' fees, Doc. 62, both of which are currently pending. This ruling concerns the motion for attorney's fees.

II. <u>Applicable Law</u>

The American Rule is that courts generally "do not award attorney's fees to prevailing parties, absent statutory authority." <u>Nilssen v. Osram Sylvania, Inc.</u>, 528 F.3d 1352, 1357 (Fed. Cir. 2008).  Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party."  The determination of whether attorney's fees are warranted is a "two-step process in which the district court must (1) determine whether there is clear and convincing evidence that a case is exceptional . . . and (2) if so, then determine in its discretion whether an award of attorneys' fees is justified." <u>Old Reliable Whsle., Inc. v. Cornell Corp.</u>, No. 5:06 cv 2389, 2010 WL 446199, at *3 (N.D. Ohio Feb. 2, 2010).  It is the burden of the party seeking attorney's fees to show that a case is exceptional.  <u>AstraZeneca AB v. Myland Labs. Inc.</u>, MDL No. 1291, 2010 WL 2079722, at *7 (S.D.N.Y. May 19, 2010).

An exceptional case exists "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." <u>Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.</u>, 393 F.3d 1378, 1380 (Fed. Cir. 1988).  It is a factual question whether a case is exceptional, and the

"litigation must be considered as a whole," with any of the above being factors in determining exceptionality. Cornell Univ. v. Hewlett-Packard Co., No. 01-cv-1974, 2009 WL 1405208, at *2 (N.D.N.Y. May 15, 2009).

Furthermore, a finding of exceptionality does not end the inquiry. Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001). The second part of the process requires a legal determination that attorney's fees are justified — a decision that takes into account the totality of the litigation and actions by the parties to determine whether "fee shifting may serve as an instrument of justice." Id. Factors relevant to this determination include the "degree of culpability, closeness of the questions, and litigation behavior." Nilssen, 528 F.3d at 1359.

Unless the patentee commits misconduct in litigation or in securing the patent, the patentee may only be sanctioned with an award of attorney's fees if the litigation is brought in subjective bad faith and is objectively baseless. Serio-U.S. Indus. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). The presumption is that the assertion of a duly granted patent's infringement is made in good faith. Springs Willow Fashions, LP v. Novo Indus., LP, 323 F.3d 989, 999 (Fed. Cir. 2003).

III. Discussion

Since Kastner is the patentee there must be misconduct on his part, either in litigation or in procuring the patent, to make an award of attorney fees proper.  Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60-61 (1993); Serio-U.S. Indus., 459 F.3d at 1321-22.  The misconduct that Chet's Shoes asserts includes producing documents after discovery had closed, allegedly destroying and manipulating evidence, disavowing interrogatory answers without supplementation, failing to obtain an outside expert opinion on infringement, employing evasive discovery tactics, and not complying with pre-trial schedules and timing.  An examination of exhibits provided in support of these accusations shows Chet's Shoes is exaggerating some of Kastner's actions.  While Kastner was argumentative and obstinate at times during his deposition and answers to interrogatories, his actions were not so unusual as to warrant calling it misconduct.  Furthermore, some leniency should be given to Kastner's actions since through some of the litigation he was acting pro se.

In support of its motion Chet's Shoes claims Kastner persisted in litigation despite realizing that Chet's Shoes' product did not have retractable studs.  Exhibit I and Exhibit J, provided by Chet's Shoes in support of its motion for attorney's fees, depicts a study showing it took an average of 22.276 more

kilograms of force to compress the studs on the Accused Products than on the products provided by Kastner's licensee.  Chet's Shoes argues this demonstrates that by May of 2007, Kastner had reliable information suggesting the Accused Products did not have retractable studs.  The Court notes infringement may have appeared a close question at the beginning of contact between Kastner and Chet's Shoes, because the Accused Products had a strong resemblance to Kastner's licensee's products, but agrees with Chet's Shoes that the test results reduced the closeness of the question.  Thus, Kastner's decision to pursue litigation following this test could be interpreted as being in bad faith.

In any event, the Court declines to find this case was objectively baseless.  As pointed out by Chet's Shoes numerous times, Kastner's initial contact was prompted by an advertisement for one of Chet's Shoes' products.  This product bore a striking resemblance to the products Kastner's licensee was selling, and the resemblance gives a reasonable basis to his claim.  Also, as evidenced by the numerous tests that had to be conducted, it was not immediately apparent that the Accused Products did not fall under Kastner's patents.

Overall, evidence of exceptionality must be "clear and convincing," and the evidence provided by Chet's Shoes as to Kastner's alleged misconduct and bad faith does not meet this standard.  Evidence that shows Kastner was aware it took

approximately 22 kilograms more of force to compress the Accused Products' studs than the licensed products is not clear and convincing evidence of bad faith.  The Court finds Kastner committed no misconduct and did not act in subjective bad faith, nor was his case objectively baseless.

IV. <u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for attorney's fees is denied.

Dated at Brattleboro, in the District of Vermont, this 16th day of August, 2010.

<u>/s/ J. Garvan Murtha</u>
Honorable J. Garvan Murtha
Senior United States District Judge